UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 2 0 2000
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| TIMOTHY L. CARTER, | |
| Plaintiff, | |
| v. | Civil Action No. SA-99-CA-0082 HG |
| TEXAS DEPARTMENT OF HEALTH, | |
| Defendant. | |

## AMENDED ORDER

Pending before the Court are as follows: Defendant's Motion to Dismiss for Plaintiff's Failure to Comply with Court's Orders [Docket No. 81]; Plaintiff's Response thereto [Docket No. 86]; Defendant's Letter Brief and Reply to Plaintiff's Response [Docket No. 90]; and Plaintiff's Surreply and Response to Defendant's Motion to Dismiss [Docket No.93]. The Court finds that Defendant's Motion to Dismiss has merit and hereby GRANTS same.

Texas Department of Health (hereinafter Defendant) urges in its Motion that the present action should be dismissed due to Timothy L. Carter's (hereinafter Plaintiff) violations of this Court's Orders and Plaintiff's pattern of discovery abuse. Defendant first points to the Scheduling Order [Docket No. 4] of June 3, 1999. The Order required designation of experts and written summaries of anticipated testimony to be submitted no later than ninety days before the discovery deadline of December 3, 1999. Plaintiff met this deadline by filing his Designation of Expert Witnesses [Docket No. 10] on September 3, 1999. However, Plaintiff's submission failed to comply with the Scheduling Order, which required a written summary of the testimony anticipated from each expert.

Local Rule CV-16 requires that such a summary include the opinions of the experts, the bases of the opinions, reference to exhibits to be used, a summary of qualifications, and the method of compensation to be paid the expert. Plaintiff's designation only briefly described the subject matter of the anticipated testimony of one witness, Dr. Montgomery-Barefield. It omits any reference to the Doctor's opinions, possible exhibits, qualifications or compensation. Defendant therefore filed its Motion to Strike Plaintiff's

97.

Expert Witnesses [Docket No. 40]. In his response to this Motion [Docket No. 46], Plaintiff failed to address his failure to provide the required written summaries. At no time since has Plaintiff attempted to supply Defendant with the required summaries of his proposed expert(s).

The Court issued its revised Scheduling Order [Docket No. 69] on July 5, 2000, wherein the discovery deadline was extended to August 28, 2000. The Court then entered an Order [Docket No. 70] on July 28, 2000, granting Defendant's Motion to Strike Plaintiff's Expert Witnesses. The Order further granted Plaintiff leave to file a motion for the Court to reconsider its striking of Plaintiff's Witnesses. Plaintiff filed his Motion for Reconsideration, along with a request for Leave to File a Supplemental Designation of Expert Witnesses [Docket No. 73], but he waited until just prior to the discovery deadline to do so (August 25, 2000).

Notably, the Court's Order of August 28 required, as a condition of reconsideration, that Plaintiff show good cause for his failure to timely designate his expert witnesses. In his Motion for Reconsideration, Plaintiff attempts to show good cause for his request for leave to file his supplemental designation of experts, and for the court finding certain discovery matters to be moot. However, nowhere does the Motion show good cause for Plaintiff's failure to timely and properly designate expert witnesses.

The Defendant, in its Motion to Dismiss, further directs the Court's attention to further perceived violations of this Court's Orders and abuses of the discovery process by the Plaintiff. Defendant filed a Motion to Compel [Docket No. 21] in order to depose the Plaintiff. The Court's Order of November 24, 1999 [Docket No. 22] directed the Plaintiff to provide dates on which he would be available for deposition. Plaintiff's failure to do so resulted in Defendant's second Motion to Compel [Docket No. 30] on December 22, 1999. Defendant advised the Court of its difficulties in obtaining Plaintiff's deposition, due in part to delays caused by the Plaintiff. The Court then entered a second Order [Docket No. 44] to compel Plaintiff's deposition. After much delay and effort by the Court, Defendant completed its deposition of the Plaintiff.

The Defendant has similar complaints regarding Plaintiff's handling of other discovery matters. Specifically, Defendant alleges that Plaintiff has been uncooperative with regard to Defendant's

interrogatories. In his responses, Plaintiff failed to disclose his level of damages and failed to identify the specifics of Defendant's alleged retaliatory and/or discriminatory acts. The Defendant filed its Motion to Compel of December 20, 1999 [Docket No. 29] to have the Court direct Plaintiff to fully cooperate with this discovery matter. In its Order of March 15, 1999 [Docket No. 48], the Court required Plaintiff to provide complete discovery responses within twenty days. The Order further warned Plaintiff that future failure to cooperate with discovery could lead to dismissal of Plaintiff's action. Plaintiff once again failed to comply, despite the Courts warning of a possible dismissal.

The Court's Order [Docket No. 70] of July 28, 2000 reiterated the direction of the Court in its March 15th Order. Plaintiff was ordered to fully answer Defendant's interrogatories. The Plaintiff was again allowed twenty days to comply. The consequence of another failure on part of the Plaintiff, in the language of the Order: "the Court shall dismiss this lawsuit without prejudice." The Plaintiff failed to so comply and chose to request a reconsideration of the Court's Order on August 28th, 2000. Plaintiff's Supplemental Motion for Reconsideration [Docket No. 74] came on the deadline for discovery, some eleven days beyond his ordered deadline to comply with Defendant's discovery requests.

The Defendant filed its motions to compel according to Fed R. Civ. P 37(a). Noncompliance with an order granting such a motion is grounds for dismissal under Fed R. Civ. P 37(b)(2)(C). The Court has so Ordered the Defendant on two occasions, with warnings of the consequences of noncompliance. The Court finds that the sanction of dismissal, as urged by the Defendant, is warranted here.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Plaintiff's Failure to Comply with Court's Orders be GRANTED. It is further ORDERED that Plaintiff's case be and hereby is, DISMISSED without prejudice.

Signed this 20th day of October, 2000.

H. F. Garcia
United States District Judge